## LUMBERMEN'S RECIPROCAL ASS'N v. WELLS. (No. 3420.) *

Court of Civil Appeals of Texas. Texarkana. July 7, 1927.

Rehearing Denied Sept. 8, 1927.

**Master and servant ⚎362—Boiler repairer employed by basket factory to repair boilers held not "employee" of basket factory (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, art. 8309, § 1]).**

Boiler repairer employed by basket factory to repair boilers *held* not an "employee" of basket factory within meaning of Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8309, § 1), since such repair work was not in the usual course of business of the basket factory.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

On motion of appellant for a rehearing. Motion granted, former judgment set aside, and judgment of trial court reversed and rendered.

For former opinion, see 297 S. W. 884.

Bibb & Caven, of Marshall, for appellant.

Jones & Jones, of Marshall, and W. T. Norman, of Rusk, for appellee.

WILLSON, C. J. Further consideration of the matter has convinced us that the difference between the facts in this case and those of the Gilleland Case (Tex. Com. App.) 291 S. W. 197, pointed out in the opinion

heretofore filed herein, is not such as to render the ruling in that case inapplicable · in this one. Callihan v. Montgomery, 272 Pa. 56, 115 A. 889, cited in the opinion of the Commission of Appeals in the Gilleland Case, was like this one in its facts (the plaintiff was employed to repair an engine used to run a pump), and the reasoning therein was approved by the Commission of Appeals when it quoted as follows from the opinion of the court in the Pennsylvania case:

"The casual employment of one, for the performance of an odd job, may occur in conducting a business and still not be within its regular course. For instance, emergency repair work on a machine used in the operation of a business can always be said to take place in the course of that business, as all machinery, at some time or other, is bound to need repair; but such work, if not of a kind usually performed by or under the control of the person conducting the business, would be outside the regular course thereof. The Legislature evidently intended, by the use of the words 'regular course,' to give them some definite significance, and the most natural meaning is that they refer to the normal operations which regularly constitute the business in question, excluding incidental or occasional operations arising out of the transaction of that business, such as now and again repairing the premises, appliances, or machinery used therein. While repair work may be considered an important incident to any business using machinery, and, in some cases, may enter into the customary operations of such a business (for example, when men are engaged as regular employees for the purpose of keeping the machinery in order), yet the repairs we are here considering were no part of the regular course of the business conducted by defendant, which is producing oil; they represent merely an odd job, incidental to that business, but not part of the work ordinarily done by or under the control of the employer in this particular case. On the other hand, such repairs might well be classed as within the regular course of the business of plaintiff's deceased husband."

The language of the Pennsylvania statute (Pa. St. 1920, § 21919), excluded one whose employment was "not in the *regular* course of the business of the employer," while the Texas statute (Vernon's Ann. Civ. St. 1925, art. 8309, § 1), excludes "one whose employment is not in the *usual* course of trade, business, profession or occupation of his employer." But we think the difference does. not render the reasoning of the Pennsylvania court any less applicable here.

As we now view the matter, conformity to the ruling in the Gilleland Case requires a holding in this case that appellee was not an employee of the basket factory within the meaning of the Workmen's Compensation Law. Therefore the motion will be granted, the judgment heretofore rendered by this court affirming the judgment of the trial court will be set aside, and, reversing said

---

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1 S.W.(2d)—60 *Writ of error granted November 16, 1927.

judgment of the trial court, judgment will be here rendered that appellee take nothing by his suit against appellant and in favor of the latter for costs.